AO 243 (Rev. 01/15)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Eastern District of Louisiana | |
|---|---|---|
| Name *(under which you were convicted)*: <br> GRADY W. CLARK, III | | Docket or Case No.: <br> 2:17-CR-00019 I (4) |
| Place of Confinement: <br> OAKDALE FCI | Prisoner No.: <br> 37065-034 | |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* | |
| | V.     GRADY W. CLARK, III | |

### MOTION

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   DEC 23 2019
WILLIAM W. BLEVINS
CLERK

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   For The Eastern District of Louisiana

   (b) Criminal docket or case number (if you know): 2:17-CR-00019

2. (a) Date of the judgment of conviction (if you know): July 27, 2017

   (b) Date of sentencing: July 27, 2017

3. Length of sentence: 120 months of imprisonment and 25 years supervised release

4. Nature of crime (all counts):

   Count 1- Possession of Child Pornography in violation of 18 U.S.C. §2252(a)(4)(B) and (b)(2).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐      (2) Guilty ☒      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
   what did you plead guilty to and what did you plead not guilty to?

   TENDERED FOR FILING

   DEC 23 2019

   U.S. DISTRICT COURT
   Eastern District of Louisiana
   Deputy Clerk

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐      Judge only ☒

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐      No ☒

8. Did you appeal from the judgment of conviction?     Yes ☐      No ☒

_____ Fee _____
_____ Process _____
__X__ Dktd _____
_____ CtRmDep _____
_____ Doc. No. _____

AO 243 (Rev. 01/15)

9.   If you did appeal, answer the following:

   (a)  Name of court: _____

   (b)  Docket or case number (if you know): _____

   (c)  Result: _____

   (d)  Date of result (if you know): _____

   (e)  Citation to the case (if you know): _____

   (f)  Grounds raised:

                                   N/A


   (g)  Did you file a petition for certiorari in the United States Supreme Court?      Yes  ☐      No  ☒

        If "Yes," answer the following:

        (1)  Docket or case number (if you know): _____

        (2)  Result: _____

        (3)  Date of result (if you know): _____

        (4)  Citation to the case (if you know): _____

        (5)  Grounds raised:

                                   N/A


10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

        Yes  ☐      No  ☒

11.  If your answer to Question 10 was "Yes," give the following information:

   (a)  (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

        (4)  Nature of the proceeding: _____

        (5)  Grounds raised:                    N/A _____

        _____

(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes [  ]   No [ x ]

(7)   Result: _____

(8)   Date of result (if you know): _____

(b)   If you filed any second motion, petition, or application, give the same information:

(1)   Name of court: _____

(2)   Docket of case number (if you know): _____

(3)   Date of filing (if you know): _____

(4)   Nature of the proceeding: _____

(5)   Grounds raised:


N/A


(6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes [  ]   No [ x ]

(7)   Result: _____

(8)   Date of result (if you know): _____

(c)   Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)   First petition:      Yes [  ]   No [ x ]

(2)   Second petition:   Yes [  ]   No [ x ]

(d)   If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Movant was unaware of his rights of appeal, and was unaware at the time of the errors made in his prosecution.


12.   For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

AO 243 (Rev. 01/15)

**GROUND ONE:**     Ineffective or deficient representation of defense counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant, Grady W. Clark, III, was clearly subjective to ineffective/deficient representation of counsel whose unprofessional errors did prejudice Movant's sentencing and allowed violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment Rights. Wherein Counsel failed to challenge the imposition of a term of imprisonment with an additional term of supervised release which is in excess of guidelines; violating 18 U.S.C. §3553 and 18 U.S.C. §3583(b); denying Movant his right to Due Process of Law; subjecting him to double jeopardy; subjecting him to ineffective assistance of counsel; cruel and unusual punishment through the sentence given for his crime; and denied equal protection of the laws. Were it not for these unprofessional errors, which did cause prejudice, the outcome of Movant's sentencing for conviction would have been very different.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Movant was unaware of his appellate right, and was also unaware of the errors made against him.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Movant was unaware of his appellate rights, and was also unaware of the errors made against him.

**GROUND TWO:** Illegal Sentence under 18 U.S.C. §3553 and §3583.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant was subjective to an illegal term of imprisonment, which was then compounded by the imposition of an additional term of supervised release, which was greatly in excess of 18 U.S.C. §3583(a) and (b)(2), all of which is greatly in excess of punishment for deterrence, and 18 U.S.C. §3553.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Movant was unaware of his rights of appellate, and was also unaware of the errors made against him.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☒

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☒

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☒

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Movant was unaware of his rights of appellate, and was also unaware of the errors made against him.

**GROUND THREE:**  Constitutional rights violated.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Movant was clearly subjective to violations of his Fifth; Sixth; Eighth; and Fourteenth Amendment rights of the Constitution of the United States when he was denied his Due Process rights by defense counsel, the Court and prosecution, where he was also subjective to double jeopardy; denied effective assistance of counsel; subjective to cruel and unusual punishment in conviction and sentencing for his crime; and was denied equal

protection of the laws of the United States of America, subjecting him to unreasonable treatment as a Citizen of the United States.

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☒

    (2)  If you did not raise this issue in your direct appeal, explain why:

Movant was aunaware of his appellate rights, and was also unaware of the errors made against him.

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☒

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☒

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☒

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☒

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:

Movant was unaware of his rights of appeal and was also unaware of the errors made against him.

**GROUND FOUR:** _____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ]      No [ x ]

(2)   If you did not raise this issue in your direct appeal, explain why:

Movant was unaware of his appellate rights, and was also unaware of the errors made against him.

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ]      No [ x ]

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

AO 243 (Rev. 01/15)

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☒

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☒

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☒

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Movant was unaware of his appellate rights, and was also unaware of the errors made against him.

13.   Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Constitutional Rights violations; illegal sentence; ineffective or deficient representation of defense counsel.

14.   Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

AO 243 (Rev. 01/15)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

Federal Public Defender Office

(b) At the arraignment and plea:

Federal Public Defender Office

(c) At the trial:

Federal Public Defender Office

(d) At sentencing:

Federal Public Defender Office

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes ☐        No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐        No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐        No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Movant was unaware of his appellate rights, nor the errors made against him.

AO 243 (Rev. 01/15)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)

Therefore, movant asks that the Court grant the following relief:

Vacate, set aside or correct sentence.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _December 18, 2019_ .

(month, date, year)

Executed (signed) on _December 18, 2019_ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

<u>GRADY W. CLARK, III</u> — PETITIONER
(Your Name)

vs.

<u>UNITED STATES OF AMERICA</u> — RESPONDENT(S)

ON PETITION FOR A WRIT OF CERTIORARI TO

THE <u>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA</u>
(NAME OF COURT THAT LAST RULED ON MERITS OF YOUR CASE)

PETITION FOR WRIT OF CERTIORARI

<u>GRADY W. CLARK, III</u>
(Your Name)

<u>P.O. BOX 5000</u>
(Address)

<u>OAKDALE, LA. 71463</u>
(City, State, Zip Code)

<u>N/A</u>
(Phone Number)

TENDERED FOR FILING

DEC 23 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## QUESTION(S) PRESENTED

1. Was petitioner subjective to ineffective or deficient representation of defense counsel for his criminal prosecution?

2. Was petitioner subjective to an illegal sentence?

3. Was petitioner subjective to violations of his constitutional rights?

## LIST OF PARTIES

[x]  All parties appear in the caption of the case on the cover page.

[ ]  All parties **do not** appear in the caption of the case on the cover page.   A list of all parties to the proceeding in the court whose judgment is the subject of this petition is as follows:

# TABLE OF CONTENTS

OPINIONS BELOW.................................................................................................. 1

JURISDICTION........................................................................................................

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED ................................

STATEMENT OF THE CASE ....................................................................................

REASONS FOR GRANTING THE WRIT .....................................................................

CONCLUSION.........................................................................................................

# INDEX TO APPENDICES

APPENDIX A    United States District Court Decision

APPENDIX B

APPENDIX C

APPENDIX D

APPENDIX E

APPENDIX F

## TABLE OF AUTHORITIES CITED

CASES                                                    PAGE NUMBER

    Haymond    17-1672

STATUTES AND RULES

    18 U.S.C. §3553

    18 U.S.C. §3583(b)

    Rule 32

OTHER

IN THE

SUPREME COURT OF THE UNITED STATES

PETITION FOR WRIT OF CERTIORARI

Petitioner respectfully prays that a writ of certiorari issue to review the judgment below.

## OPINIONS BELOW

[x] For cases from **federal courts**:

The opinion of the United States court of appeals appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the United States district court appears at Appendix __A__ to the petition and is

[x] reported at __2:17-CR-00019_____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

[ ] For cases from **state courts**:

The opinion of the highest state court to review the merits appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the _____ court appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

TENDERED FOR FILING          1.

DEC 23 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## JURISDICTION

[X] For cases from **federal courts**:

The date on which the United States Court of Appeals decided my case was _____.

[X] No petition for rehearing was timely filed in my case.

[ ] A timely petition for rehearing was denied by the United States Court of Appeals on the following date: _____, and a copy of the order denying rehearing appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. ___A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1254(1).

[ ] For cases from **state courts**:

The date on which the highest state court decided my case was _____. A copy of that decision appears at Appendix _____.

[ ] A timely petition for rehearing was thereafter denied on the following date: _____, and a copy of the order denying rehearing appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. ___A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1257(a).

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

Fifth Amendment of the Constitution of the United States of America

Sixth Amendment of the Constitution of the United States of America

Eighth Amendment of the Constitution of the United States of America

Fourteenth Amendment of the Constitution of the United States of America

## STATEMENT OF THE CASE

On July 27, 2017 petitioner, Grady W. Clark, III, was sentenced for count one of his indictment of the aforementioned case:

Count 1 - Possession of Child Pornography

Petitioner was sentenced to 120 month term of imprisonment with an additional term of 25 years supervised release.

## REASONS FOR GRANTING THE PETITION

Petitioner was clearly subjective to ineffective assistance of counsel for his criminal prosecution, which ultimately involved numerous violations of his constitutional rights and his statutory rights, under law, which had they been challenged effectively by defense counsel, the outcome of the judgement and sentence would have been very different.

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

__GRADY W. CLARK, III_____ — PETITIONER
(Your Name)

VS.

___UNITED STATES OF AMERICA___ — RESPONDENT(S)

**PROOF OF SERVICE**

I, __Grady W. Clark, III_____, do swear or declare that on this date,
_December 18_____, 20_19_, as required by Supreme Court Rule 29 I have
served the enclosed MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
and PETITION FOR A WRIT OF CERTIORARI on each party to the above proceeding
or that party's counsel, and on every other person required to be served, by depositing
an envelope containing the above documents in the United States mail properly addressed
to each of them and with first-class postage prepaid.

The names and addresses of those served are as follows:

_The United States Supreme Court_____

_The United States Attorney_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _December 18_____, 20_19_

_____
(Signature)

## CONCLUSION

The petition for a writ of certiorari should be granted.

Respectfully submitted,

Date: _December 18, 2019_

**A P P E N D I X     A**

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Louisiana

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| GRADY W. CLARK, III | ) | |
| | ) | Case Number:  17-19  "I" |
| | ) | USM Number:  37065-034 |
| | ) | |
| | ) | Samuel J. Scillitani, Jr. |
| | | Defendant's Attorney |

## THE DEFENDANT:

✓ pleaded guilty to count(s)  1 of the Indictment on April 13, 2017.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Count |
|---|---|---|
| 18 U.S.C. § 2252(a)(4)(B) and (b)(2) | Possession of Child Pornography | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 27, 2017
Date of Imposition of Judgment

Signature of Judge

Lance M. Africk, United States District Judge
Name and Title of Judge

July 27, 2017
Date

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: GRADY W. CLARK, III
CASE NUMBER: 17-19 "I"

Judgment — Page __2__ of __6__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

120 months.

☑ The court makes the following recommendations to the Bureau of Prisons:
if consistent with security, medical needs and other needs considered by the Bureau of Prisons, designate the defendant to a facility where he can receive care for his medical issues.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ on or before noon on

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page ___3___ of ___6___ |

DEFENDANT:     GRADY W. CLARK, III
CASE NUMBER:   17-19 "I"

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

25 years.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

✓    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

✓    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

✓    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C — Supervised Release

DEFENDANT:       GRADY W. CLARK, III
CASE NUMBER:     17-19 "I"

Judgment—Page ___4___ of ___6___

## SPECIAL CONDITIONS OF SUPERVISION

1)    The defendant shall pay any restitution that is imposed by this judgment.

2)    The defendant shall not possess or use for any purpose, a computer, or television, or other instruments of communication equipped with on-line, Internet or World Wide Web access, or access computers or other forms of wireless communication via third parties, without the approval of the United States Probation Officer.

3)    The defendant shall participate in an approved sex offender treatment program, to include psychological testing and/or a polygraph examination (or similar device), as directed by the United States Probation Officer, and abide by all supplemental conditions of sex offender treatment, to include, but not limited to signed releases of information. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment. Sex offender assessments and treatment shall be conducted by therapists and examiners approved by the United States Probation Office. Any results of a polygraph examination (or the like) would not be used for the purpose of revocation of Supervised Release. The results will be reported by the United States Probation Office to appropriate treatment personnel. If disclosure is required by mandatory reporting child abuse or child sexual abuse laws, the results will be reported to appropriate law enforcement and related agencies with the approval of the Court. If the results reveal possible new criminal behavior, this will be reported to the appropriate law enforcement and related agencies after obtaining approval from the Court.

4)    The defendant shall comply with all federal, state and local sex offender laws, as outlined by the United States Probation Officer.

5)    The defendant shall allow the United States Probation Office to conduct periodic unannounced examination of his computer equipment, which may include retrieval and copying of all data from his computer and any internal and external peripherals to ensure compliance with the conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection. The defendant shall also consent, at the direction of the United States Probation Officer, to having installed on his computer, at his expense, any hardware or software to monitor computer use.

6)    The defendant shall not have any contact with any child under the age of 18, without the prior approval of the United States Probation Office. If approved, the defendant must be accompanied by a responsible adult who is aware of his conviction and supervision status, and who has been approved in advance by the United States Probation Office. Contact includes, but is not limited to: physical contact, verbal communication, and/or electronic communication such as e-mail. Contact also includes congregating and/or loitering around school yards, playgrounds, swimming pools, arcades, zoos or other places frequented by children under the age of 18. Incidental contact in normal daily commercial life such as, but not limited to, making purchases or merchandise at a retail establishment, is permissible.

7)    The defendant shall not seek or maintain employment, volunteer, or participate in any program and/or activity allowing contact with children under the age of 18.

8)    The defendant shall not purchase, possess, use or control cameras, camcorders, movie cameras, etc. without the approval of the United States Probation Officer.

9)    The defendant shall not date or cohabitate with anyone who has children under the age of 18.

10)    The defendant shall not view or possess any form of pornography, sexually stimulating or sexually oriented material including books, videos, magazines, cut-outs or pornography of any kind as deemed inappropriate by the United States Probation Officer and/or treatment staff. The defendant shall not enter any location where pornography or erotica are the primary products for purchase or viewing. The defendant shall not enter any location where the primary function is to provide adult entertainment. The defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct. The defendant shall not possess any material at any time, that depicts children under the age of 18, engaged in sexually explicit conduct, or possess any depictions of minors unclothed.

11)    The defendant shall obtain residences as approved by the United States Probation Officer. The defendant shall notify the United States Probation Officer of any locations where mail or like matter is received. The defendant shall not obtain a new mailing address, post office box or the facility of any private business for the delivery and receipt of like matter without the approval of the United States Probation Officer.

12)    The defendant shall not associate with any group, club, individual, or organization, formal or informal, which supports and/or encourages the sexual exploitation of children.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page | 5 | of | 6 |

DEFENDANT: GRADY W. CLARK, III
CASE NUMBER: 17-19 "I"

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

✓ The Court finds that the defendant is not able to pay a fine. Accordingly, no fine shall be imposed; however, restitution is mandatory.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0 | $ 2,000.00 |

✓ **The special assessment is due immediately.**

✓ The determination of restitution is deferred in part until <u>Thursday, October 19, 2017 at 2:00 p.m.</u>

✓ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Deborah Bianco in Trust for the Sweet Sugar Series<br>The Law Office of Deborah A. Bianco<br>14535 Bellevue-Redmond Rd., #201<br>Bellevue, WA 98007 | | $1,000.00 | |
| Tanya Hankins in Trust for the 8 Kids Series<br>The Law Office of Erik L. Bauer<br>215 Tacoma Ave. South<br>Tacoma, WA 98402 | | $1,000.00 | |

| TOTALS | $ | $ 2,000.00 |

✓ The additional mandatory assessment of $5000 under the provisions of 18 U.S.C. § 3014, is waived, as the court finds the defendant to be indigent.

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

✓ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

✓ the interest requirement is waived for the ☐ fine ✓ restitution.

☐ the interest ☐ fine ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

✓ **The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for enforcement of this order.**

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

| | Judgment — Page ___6___ of ___6___ |

DEFENDANT: GRADY W. CLARK, III
CASE NUMBER: 17-19 "I"

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

 ☐ not later than _____ , or
 ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
 _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
 _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
 term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
 imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ✓ Special instructions regarding the payment of criminal monetary penalties:
 The payment of restitution shall begin while the defendant is incarcerated. Upon release, any unpaid balance shall be paid at a
 rate of $100 per month. The payment is subject to increase or decrease, depending on defendant's ability to pay. Payments shall
 be made payable to the Clerk, United States District Court, and are to be forwarded to the following address:
 U.S. Clerk's Office
 Attn: Financial Unit
 500 Poydras Street, Room C151
 New Orleans, Louisiana 70130

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

 Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
 and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ Forfeiture of the defendant's right, title and interest in certain property may be ordered consistent with the Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



C-151

∴ 37065-034 ∵
Grady Clark
37065-034
Federal Correctional Institute
PO BOX 5000
Oakdale, LA 71463
United States

≪37065-034≫
Us Dist Ct East Dist Of La
Clerk Of Court
500 Poydras ST
NEW Orleans, LA 70130
United States