UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 17-19 |
| GRADY W. CLARK, III | SECTION I |

### ORDER & REASONS

Before the Court is *pro se* petitioner and federal prisoner Grady W. Clark, III's ("Clark") motion[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Because it is untimely, the motion is denied.

### I.

On January 11, 2017, Clark was charged in a one-count indictment with possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).[2] Because Clark had a prior Orleans Parish conviction for pornography involving juveniles, Clark faced a statutory minimum sentence of ten years and a maximum sentence of twenty years for the federal offense.[3] *See* 18 U.S.C. § 2252(b)(2). Based on his criminal history and offense level, Clark's sentencing guideline range was a term of imprisonment of 120 to 121 months and a term of supervised release of five years to life.

---

[1] R. Doc. No. 37.
[2] R. Doc. No. 11.
[3] *Id.* at 2.

1

On April 13, 2017, Clark pled guilty to count one of the indictment pursuant to a plea agreement.[4] On July 27, 2017, this Court sentenced Clark to a term of imprisonment of 120 months and a term of supervised release of twenty-five years.[5] Clark did not pursue a direct appeal to the United States Court of Appeals for the Fifth Circuit or petition the United States Supreme Court for a writ of certiorari.[6]

Clark's § 2255 petition was filed on December 23, 2019 and presents three grounds for relief.[7] First, Clark claims ineffective assistance of counsel because his counsel did not challenge Clark's sentence, which allegedly resulted in violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights.[8] Second, Clark asserts that the Court imposed an "illegal sentence" under 18 U.S.C. §§ 3553 and 3583 "greatly in excess of 18 U.S.C. § 3583(a) and (b)(2), all of which is greatly in excess of punishment for deterrence, and 18 U.S.C. § 3553."[9] Third, Clark claims that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated "when he was denied his Due Process rights by defense counsel, the Court and prosecution."[10] In connection

---

[4] R. Doc. Nos. 21 & 22.
[5] R. Doc. No. 34.
[6] *See* R. Doc. No. 37, at 1. Based upon a document that Clark has included with his § 2255 filing, it appears that Clark is attempting to file a petition for a writ of certiorari to the Supreme Court through his § 2255 petition. *See* R. Doc. No. 37 at 13–31. However, no such petition for a writ of certiorari has been filed with the Supreme Court.
[7] Clark's § 2255 petition does not appear to assert a separate fourth ground for relief, as it simply restates the grounds for relief he presented in his previous three grounds—i.e. "Constitutional Rights violations; illegal sentence; ineffective or deficient representation of defense counsel." *Id.* at 8–9.
[8] *Id.* at 4.
[9] *Id.* at 5.
[10] *Id.* at 6.

with his first and third grounds for relief, Clark alleges that he was subjected to double jeopardy, denied effective assistance of counsel, subjected to cruel and unusual punishment, and denied equal protection under the law.[11]

Clark acknowledges that he did not previously raise any of these claims in post-conviction motions or on appeal, and he explains that he did not do so because he was unaware of his appellate rights and the "errors made against him."[12] Clark also argues that the one-year statute of limitations governing § 2255 petitions does not bar his petition because he was unaware of his appellate rights and the errors he now alleges.[13]

## II.

Section 2255 is designed to remedy constitutional errors and other injuries a defendant could not have raised on direct appeal that would result in a miscarriage of justice if left unaddressed. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Relief may be granted under § 2255 to a defendant in federal custody if the defendant's sentence "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

---

[11] *Id.* at 6–7.
[12] *Id.* at 4–9.
[13] *Id.* at 10. Clark does not argue that he is entitled to equitable tolling of the one-year limitation period for § 2255 petitions, which is only warranted in "extraordinary circumstances." *Holland v. Florida*, 560 U.S. 631, 654 (2010).

3

Motions by a federal prisoner for postconviction relief under § 2255, including those that claim ineffective assistance of counsel, are subject to a one-year period of limitation that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).[14] A movant in a § 2255 proceeding bears the burden of demonstrating that his filings are timely. *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019).

*i.*

Under § 2255(f)(1), "the federal judgment becomes final 'when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires.'" *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). A federal prisoner must file a petition

---

[14] Because Clark does not assert that there was any impediment by the government that prevented him from filing his § 2255 petition, or that there is any newly recognized right by the Supreme Court applicable to him, the Court will examine the one-year limitation period for Clark's claims pursuant to § 2255(f)(1) and § 2255(f)(4).

4

for a writ of certiorari "intended to bring any judgment or decree in a civil action, suit, or proceeding before the Supreme Court for review" within ninety days of the entry of such judgment. *See* 28 U.S.C. § 2101(c); Sup. Ct. R. 13.1; *United States v. Wheaten*, 826 F.3d 843, 847 (5th Cir. 2016). Where, as here, a federal prisoner fails to file a notice of appeal from his conviction, "the conviction becomes final for purposes of § 2255 upon the expiration of the 10–day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

Clark's § 2255 petition is untimely under § 2255(f)(1). This Court entered judgment against Clark on July 27, 2017, and his conviction became final on August 6, 2017 when the ten-day period for filing a direct appeal expired.[15] *See id.* Clark did not file his § 2255 petition until more than two years later; therefore, his petition is time-barred pursuant to the one-year limitation period under § 2255(f)(1).

*ii.*

Clark's claim that he was unaware of his right to appeal and the alleged errors he now asserts also fails to bring his § 2255 petition within the one-year limitation period under § 2255(f)(4). "For this provision to apply, 'a petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances.'" *United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017) (quoting *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008)). A petitioner may demonstrate diligence through "'prompt action . . . as soon as he is in a position to realize' that he should act." *Id.* (quoting *Johnson v.*

---

[15] No extension for filing a notice of appeal was granted pursuant to Federal Rule of Appellate Procedure 4(b)(4).

*United States*, 544 U.S. 295, 308 (2005)). "The important thing is to identify a particular time when . . . diligence is in order." *Johnson*, 544 U.S. at 308.

Even assuming, arguendo, that Clark was unaware of his appellate rights when this Court entered judgment against him, Clark could have "discovered" such facts before his conviction became final.[16] *See United States v. Rodriguez*, 858 F.3d 960, 964 (5th Cir. 2017) (concluding that the defendant could have discovered the facts supporting his claim that his counsel was ineffective for failing to file an appeal "anytime during the proceeding months" after the period for filing a notice of appeal expired); *United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012) (concluding that the facts supporting the defendant's claim that his attorney incorrectly advised him about his concurrent federal sentence "could have been discovered immediately after [the defendant's] sentencing in federal court"). Therefore, Clark's § 2255 petition is also time-barred under § 2255(f)(4).

### III.

Because Clark has failed to meet his burden to demonstrate that his § 2255 petition is timely,

**IT IS ORDERED** that Clark's motion pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[16] The Court notes that the record belies Clark's contention that he was unaware of his appellate rights. At Clark's sentencing hearing, the Court specifically asked Clark if he wanted his counsel to file a notice of appeal on his behalf, to which Clark responded, "No, sir, Your Honor." R. Doc. No. 39, at 22.

New Orleans, Louisiana, March 10, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**